IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SIKAI FANO TELEA,                      No. C-13-3659 TEH (PR)

       Petitioner,               ORDER OF DISMISSAL

  v.

DAVID LONG, Warden,

       Respondent.
_____/

      Petitioner, a state prisoner incarcerated at Ironwood State Prison in Blythe, California, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging a judgment of conviction from San Mateo County Superior Court. Doc. #1. On September 5, 2013, the Court issued an Order for Petitioner to show cause why this case should not be dismissed as a successive petition. Doc. #6. In the Order, the Court noted that Petitioner had filed a previous petition for a writ of habeas corpus entitled, Telea v. Harrington, case no. C 10-2001 TEH (PR) (2010 case), which challenged the same conviction and sentence as the instant petition. On January 18, 2011, the 2010 case was dismissed as untimely and judgment was entered in favor of the respondent and

against Petitioner.

Petitioner has filed a response to the Court's Order to Show Cause, Doc. #7, in which he acknowledges that the instant petition is his second or successive petition, but argues that it should be allowed to proceed because his appellate counsel provided ineffective assistance and abandoned him in the 2010 case.

I

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

A district court must dismiss claims presented in a second or successive habeas petition challenging the same conviction and sentence that has been adjudicated on the merits.  See 28 U.S.C. § 2244(b)(1); McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009); Babbitt v. Woodford, 177 F.3d 744, 745-46 (9th Cir. 1999).  A claim is adjudicated "on the merits" if the district court either considers and rejects the claims or determines that the underlying claim will not be considered by a federal court.  McNabb, 576 F.3d at 1029.  The dismissal of a petition for untimeliness is an adjudication on the merits because it "presents a 'permanent and incurable' bar to federal review of the underlying claims."  Id. at 1030.  A district court must dismiss any new claims raised in a successive petition unless the petitioner received an order from the court of appeals authorizing the district court to consider the petition.  28 U.S.C. § 2244(b)(3)(A).

**II**

Petitioner argues that, although his appellate counsel assured him that he would prepare, file and defend the 2010 case in federal court, counsel filed an incomplete petition that failed to include claims. In support of this argument, Petitioner submits several letters he received from attorney Eric Multhaup, who represented Petitioner in his state appeal. On September 15, 2009, Mr. Multhaup wrote that, although there was no provision for the appointment of counsel in a habeas proceeding, he would be willing to prepare a petition for a writ of habeas corpus for Petitioner to file in federal court, which would include the claims that were asserted in Petitioner's state appeal. Exh. 1, Sept. 15, 2009 letter. On October 26, 2009, Mr. Multhaup wrote that he would help prepare a pro per federal habeas petition for Petitioner to file. Exh. 2, Oct. 26, 2009 letter. On May 19, 2010, Mr. Multhaup wrote that he was sending Petitioner a copy of the petition that he had filed on Petitioner's behalf in federal court. Exh. 3, May 19, 2010 letter. Mr. Multhaup warned Petitioner that, because he was filing the petition as a pro se petition on behalf of Petitioner, the Court would communicate directly to Petitioner regarding the case. Id. On May 13, 2010, the Court sent Petitioner a notice that his petition was not signed and that it did not contain any claims. Exh. 4. Petitioner wrote to Mr. Multhaup asking for his assistance, but Mr. Multhaup did not immediately respond. Petitioner filed an amended petition asserting claims. Exh. 7. On June 23, 2010, Mr. Multhaup wrote to Petitioner and apologized for not including an attachment enumerating the claims and requested that Petitioner send

3

him any documents sent to Petitioner by the Attorney General or the district court. Exh. 7, Jun. 23, 2010 letter. Mr. Multhaup did not respond to Petitioner after June 23, 2010 even though Petitioner sent him letters requesting assistance. Petitioner failed to oppose Respondent's motion to dismiss based on untimeliness and the Court granted the motion. Petitioner received his state court file from Mr. Multhaup in August 2013 and then filed the instant petition.

Petitioner cites cases, including Evitts v. Lucey, 469 U.S. 387 (1985), for the proposition that ineffectiveness of counsel or abandonment by counsel can constitute cause for overcoming a procedural default. However, Petitioner's cases address ineffectiveness of appellate counsel. It is true that the Sixth Amendment right to effective assistance of counsel extends to the first appeal as of right. See Evitts, 469 U.S. at 394. However, the Court emphasized that the right to effective assistance is limited to the first appeal of right. Id. There is no right to effective assistance of counsel on habeas proceedings. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) (right to appointed counsel extends to the first appeal of right, thus, no right to counsel on discretionary appeals or collateral attacks upon convictions); Coleman v. Thompson, 501 U.S. 722, 752 (1991) (precluding claim of ineffective assistance of counsel for late filing a state habeas petition where there is no constitutional right to an attorney).

Although Mr. Multhaup represented Petitioner on appeal, in the 2010 case, he was acting on behalf of Petitioner in federal habeas proceedings, not as Petitioner's appellate attorney.

4

Therefore, Petitioner has no Sixth Amendment right to effective assistance of counsel in the 2010 case.  As stated by the Supreme Court, any attorney error where there is no right to counsel cannot be constitutionally ineffective and the petitioner must bear the risk of attorney error that results in default or dismissal.  See id. at 752-53.  Therefore, Petitioner's argument that he may proceed with a successive petition in district court based upon the ineffective assistance of an attorney who was acting on his behalf in regard to his 2010 habeas case is without merit.

Even if Petitioner's argument had merit, as stated above, Petitioner cannot obtain permission in this Court to file a successive petition.  A habeas petitioner may not file a second or successive petition in district court unless he first obtains from the appropriate United States Court of Appeals an order authorizing the filing.  See 28 U.S.C. § 2244(b)(3)(A).  Petitioner has not obtained such an order from the Ninth Circuit.  Therefore, this petition will not be considered, and this action is DISMISSED WITHOUT PREJUDICE to filing a new petition if Petitioner obtains the necessary order.

## CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is dismissed without prejudice.  Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right [or] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  Accordingly, a certificate of

5

**appealability is DENIED.**

**The Clerk shall close the file, terminate all pending motions, and enter judgment.**

**IT IS SO ORDERED.**

**DATED** *10/23/2013*

**THELTON E. HENDERSON**
**United States District Judge**

`G:\PRO-SE\TEH\HC.13\Telea 13-3659-succ pet dny.wpd`